

**Signed and Filed: November 10, 2008**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MAURICE M. HAYES and MARITES R. HAYES aka TESS HAYES dba THESSMAHAL aka THESS HAYES,<br><br>                    Debtors.<br>_____<br>MAURICE M. HAYES and MARITES R. HAYES,<br><br>                    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA,<br><br>                  Defendant.<br>_____ | Bankruptcy Case<br>No. 08-30978DM<br><br>Chapter 7<br><br><br><br><br>Adversary Proceeding<br>No. 08-3093DM |

<u>MEMORANDUM DECISION REGARDING DEFENDANT'S MOTION TO DISMISS</u>

Defendant Bank of America ("Defendant") filed a motion to dismiss the complaint of debtors Maurice and Marites Hayes ("Plaintiffs"). Plaintiffs' complaint asserts a claim (presumably under section 547 of the Bankruptcy Code) to avoid as preferential a prepetition setoff by Defendant against funds in Plaintiffs' checking accounts. In its motion to dismiss, Defendant asserts that the offset cannot be avoided as "it is the subject of a statutory lien, which may not be avoided" under section 547(c)(6).

-1-

While Defendant may have other defenses[1] to Plaintiffs' action, the exception of section 547(c)(6) is inapplicable here. Section 547(c)(6) excepts from avoidance the "fixing" of a statutory lien. The court agrees with Defendant that California Civil Code section 3054 grants banks a general possessory lien upon a customer's funds in a deposit account for amounts owed to the bank by the customer. That lien, however, is fixed when the funds come into the possession of the bank (i.e., when the funds are deposited into the account). It is not "fixed" when a bank satisfies its lien by exercising its equitable right of setoff. See In re Cleveland Graphic Reprod., Inc., 78 B.R. 819, 823 (Bankr. N.D. Ohio 1987) (section 547(c)(6) applies to the *fixing* of a statutory lien, not to the satisfaction of it). Moreover, as noted by the California Supreme Court in Kruger v. Wells Fargo Bank, 11 Cal.3d 352, 521 P.2d 441 (1974) and Security Pac. Nat'l Bank v. Wozab, 51 Cal.3d 991, 800 P.2d 557, 560 n.3 (1991), a

---

[1] As noted in Nationsbank, N.A. v. Ames Sav. & Loan Assn. (In re First American Mortg. Co., Inc.), 212 B.R. 479, 485 (Bankr. D. Md. 1997), prepetition setoffs are generally not voidable transfers:

> The Bank's prepetition setoff was neither a voidable preference nor a fraudulent transfer. "In general, a prepetition setoff is not avoidable as a preference under section 547, or as a fraudulent transfer under section 548 or 544." 5 *Collier on Bankruptcy* ¶ 553.09[1] (15th ed. 1996). "[A] valid setoff executed within 90 days of the date of the filing of a bankruptcy petition is nonetheless protected from avoidance under section 547, except for any insufficiency. . . . Only if the court finds the setoff invalid, and further concludes that no right of setoff exists in bankruptcy, is section 547 applied." Durham v. SMI Industries Corp., 882 F.2d 881 (4th Cir. 1989). See also Petersen v. State Employees Credit Union (In re Kittrell), 115 B.R. 873 (Bankr. M.D. N.C. 1990)[.]

distinction exists between the imposition of the lien by statute and the exercise of the equitable right of setoff.[2] Since the complaint alleges a setoff on exempt funds, not the enforcement of a lien, the setoff may have improperly applied to exempt funds in violation of Kruger; those funds may have been protected in the subsequent bankruptcy had the setoff not occurred.

For the foregoing reason, the court will deny Defendant's motion to dismiss. Counsel for Plaintiffs should upload an order denying the motion for the reasons set forth in this memorandum decision and directing Defendant to respond to the complaint within twenty days of service of the signed order. The court will hold an adversary proceeding status conference on January 30, 2009, at 1:30 p.m.

**END OF MEMORANDUM DECISION**

---

[2] In any event, Defendant has not established that any lien created by Civil Code section 3054 is a statutory lien for the purposes of sections 101(53) and 547(c); a question exists as to whether Debtors consented to a lien on their accounts, thereby creating a security right outside the parameters of section 101(53).

-3-

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Peter N. Hadiaris, Esq.<br>Law Offices of Peter N. Hadiaris |
| 3 | 600 Harrison St., Ste. 120<br>San Francisco, CA 94107 |
| 4 | |
| 5 | Robert S. Lampl, Esq.<br>Law Offices of Robert S. Lampl |
| 6 | 21031 Ventura Blvd., Ste. 1025<br>Woodland Hills, CA 91364-2203 |

-4-